# NO. 12-18-00013-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEANTAWN DRE'MAL HOPKINS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Deantawn Dre'Mal Hopkins appeals his conviction for possession of a controlled substance with intent to deliver. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

In September 2016, Appellant was indicted for possession of a controlled substance with intent to deliver, in an amount of one gram or more but less than four grams, a second degree felony as alleged in the indictment.[2] Appellant pleaded "guilty" to the offense pursuant to a negotiated plea agreement. In January 2017, the trial court placed Appellant on deferred adjudication community supervision for eight years in accordance with the agreement.

---

[1] Appellant initially filed a brief contesting the constitutionality of specific court costs assessed against him. After the State filed its response, Appellant conceded the issue, acknowledging that the Legislature rectified the issue. *See* Act of May 18, 2017, 85th Leg., R.S., ch. 966, § 1, 2017 Tex. Sess. Law Serv. 3917, 3917–18 (West) (current version at TEX. LOC. GOV'T CODE ANN. § 133.102(e)). Appellant's counsel subsequently filed his brief in compliance with *Anders* and *Gainous*.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2017).

Less than one month later, the State filed a motion to adjudicate Appellant's guilt due to, among other things, his failure of a drug test. The trial court denied the motion after a hearing. However, it amended the terms of Appellant's community supervision, requiring him to serve a fifteen day period of confinement in the county jail.

In April 2017, the State filed a second motion to adjudicate Appellant's guilt, and subsequently an amended motion in January 2018, alleging that Appellant violated certain terms and conditions of his community supervision. The motion alleged that Appellant (1) committed the offenses of public intoxication and failure to identify, (2) possessed and consumed cocaine, marijuana, and Xanax, (3) attempted to alter or falsify his drug test results, (4) failed to pay various court-ordered community supervision fees, (5) failed to complete his court-ordered drug treatment programs, and (6) failed to report to his community supervision officer. The trial court conducted a hearing on the State's motion, at which Appellant pleaded "true" to all of the alleged violations in the motion. At the conclusion of the hearing, the trial court revoked Appellant's community supervision, adjudicated him "guilty" as charged, and sentenced him to imprisonment for fifteen years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We have likewise reviewed the record for reversible error and have found none.

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

<u>CONCLUSION</u>

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2018

NO. 12-18-00013-CR

**DEANTAWN DRE'MAL HOPKINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1345-16)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*